UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL GAHAGAN                                    CIVIL ACTION

VERSUS                                             NO: 15-2540

UNITED STATES CITIZENSHIP AND                      SECTION: R
IMMIGRATION SERVICES

## ORDER AND REASONS

This Freedom of Information Act ("FOIA") case involves a dispute between plaintiff Michael Gahagan, an immigration attorney, and the United States Citizenship and Immigration Service ("USCIS") regarding plaintiff's request for agency records concerning his client. Plaintiff alleges that USCIS has responded inadequately to his FOIA request; he seeks declaratory relief and attorney fees. USCIS moves for summary judgment, arguing that it has fully complied with its statutory obligations under FOIA.[1] Plaintiff moves the Court to hold USCIS in contempt.[2] For the following reasons, the Court grants in part and denies in part USCIS's motion and denies plaintiff's motion.

## I.    BACKGROUND

The Court has previously ruled on cross-motions for summary judgment, and the facts of this case are set forth more fully in the Court's December 2, 2015 order.[3] As relevant here, the Court denied plaintiff's motion for summary judgment and granted in part and denied in part USCIS's first motion for summary judgment. The Court found that

---

[1] R. Doc. 21.

[2] R. Doc. 27.

[3] *See* R. Doc. 20.

USCIS's motion demonstrated that the agency conducted an adequate search for responsive records but failed to show full FOIA compliance with respect to two issues: (1) USCIS's referral to the Department of State of four pages of agency records, and (2) USCIS's non-disclosure of eight additional pages of agency records identified in the agency's *Vaughn* index and supplemental *Vaugh* index as Records #572, #334, #21, #22, #15, #16, #31, and #32.[4] The Court ordered USCIS to produce a new *Vaughn* index more fully explaining its decision to withhold portions of each of these eight documents.

On December 16, 2015, USCIS filed, among other things, a revised *Vaughn* index,[5] a revised supplemental *Vaughn* index,[6] and a declaration by John F. Hackett, the Director of the Office of Information Programs and Services of the Department of State.[7] USCIS also filed a motion asking the Court to deem its supplemental filings sufficient to satisfy the Court's December 2, 2015 order.[8] USCIS's supplemental filings explained the agency's processing of plaintiff's FOIA request as follows:

- As to the agency records referred to the Department of State, the Hackett declaration stated that the Department of State has processed and released all records with minimal redactions.[9]

---

[4] *Id.* at 36.

[5] R. Doc. 21-1 at 1-22.

[6] *Id.* at 23-27.

[7] R. Doc. 21-3.

[8] *See* R. Doc. 21 at 2 ("USCIS prays that this supplement be deemed sufficient to satisfy the Court's order of December 2, 2015.").

[9] R. Doc. 21-3.

- As to Record #572, the revised *Vaughn* index stated that the document is a duplicate of another document, Record #181.[10]

- As to Record #334, USCIS's revised *Vaughn* index elaborated on the original withholding decision, and USCIS's motion stated that the agency had released the document to plaintiff in full.[11]

- As to Records #21 and #22, USCIS's revised supplemental *Vaughn* index stated that the records are lawfully withheld under FOIA exemption five because they fall within the attorney-client privilege. In support, the index states that the email chain contained in those documents "includes an Immigration officer providing litigation related information discussed at an Agency meeting to USCIS Counsel Amisha Sharma; and a brief distillation of the lawsuit, and request for information needed for litigation . . . ."[12]

- As to Records #15, #16, #31, and #32, USCIS's revised *Vaughn* indexes clarified that the email chains contained in those documents involve a USCIS attorney. But it did not explain the attorney's role in the communications or otherwise expand upon USCIS's initial, inadequate explanation for withholding the records under FOIA exemption five.[13]

The Court construed USCIS's supplemental filings as a second motion for summary judgment, set the motion for submission on May 25, 2016, and ordered plaintiff to file any

---

[10] R. Doc. 21-1 at 4-5.

[11] R. Doc. 21 at 1; *see also* R. Doc. 21-1 at 10.

[12] R. Doc. 21-1 at 25-26.

[13] *Compare* R. Doc. 18-3 at 5-6, 8-9 *with* R. Doc. 21-1 at 24-25, 26-27.

3

opposition brief in accordance with Local Rule 7.5.[14]   Plaintiff filed a timely response challenging USCIS's supplemental filings.[15]   Plaintiff argues that, contrary to USCIS's assertion, Record #572 is not a duplicate of Record #181; that Records #21 and #22 cannot be withheld under FOIA exemption five because they involve communications between non-attorneys; and that USCIS's explanation for its non-disclosure of Records #15, #16, #31, and #32 remains deficient for the reasons identified in the Court's December 2, 2015 order.

In response, USCIS filed a reply brief acknowledging that Record #572 is not a duplicate of Record #181 but an independent document, which was withheld in part under FOIE exemption 7(E).[16]   USCIS's also states that the agency "seeks to confirm that it is not relying on the attorney-client privilege for withholding communication between non-attorneys."[17]   To that end, the agency states that it has released Record #21 to plaintiff in full and released Record #22 with limited redactions.   USCIS submits copies of these documents as an exhibit to its reply brief.[18]   Record #21 is an email chain involving two non-attorney employees of USCIS, Gomez and Peacock, in which Peacock sent a litigation time-line to several recipients, and Gomez replied: "In the future, provide this only to me at first so we have a chance to review and go over it before we respond to counsel."[19]   Record #22

---

[14] R. Doc. 24.

[15] R. Doc. 25.

[16] R. Doc. 30 at 2; R. Doc. 30-1 at 26.

[17] R. Doc. 30 at 2.

[18] R. Doc. 30-2.

[19] *Id.* at 1.

is also an email chain.  In the un-redacted portion, Peacock sent the following message to Gomez: "Who would voluntarily want to talk to [plaintiff] Gahagan? I don't believe there are any other alternative solutions."[20]

Based on its submissions, USCIS argues that it is entitled to summary judgment and an order declaring that it has discharged its FOIA obligations.[21]  Plaintiff argues that summary judgment is improper and seeks an order holding USCIS in contempt of court.[22] In support, plaintiff contends that USCIS's initial claim of exemption five protection for Records #21 and #22 was meritless and made in bad faith.  Thus, plaintiff claims that USCIS should be "punished" for "knowingly misleading the court by claiming that emails between non-attorneys should be withheld pursuant [to exemption five]."[23]

## II.    LEGAL STANDARD

Summary judgment is available to the defendant in a FOIA case when the agency proves that it has fully discharged its obligations under FOIA, and there is no genuine issue of material fact, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester.  *See Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1350 (D.C. Cir. 1983).  The agency may satisfy its burden of proof through the submission of affidavits that identify the documents at issue and explain why they fall under the claimed exemption.  *Cooper Cameron Corp. v. U.S. Dep't of Labor,*

---

[20] *Id.* at 2.

[21] R. Doc. 30 at 3.

[22] R. Doc. 27.

[23] R. Doc. 27-1 at 6.

*Occupational Safety & Health Admin.*, 280 F.3d 539, 543 (5th Cir. 2002). These affidavits must be clear, specific, and reasonably detailed while describing the withheld information in a factual and nonconclusory manner. *Id.* Further, the court will not grant summary judgment if there is contradictory evidence or evidence of agency bad faith. *See Gallant v. NLRB*, 26 F.3d 168, 171 (D.C. Cir .1994) (quoting *Halperin v. CIA*, 629 F.2d 144, 148 (D.C. Cir. 1980)). If the agency meets all of these requirements, the court will normally accord the affidavits substantial weight. But a reviewing court may also inspect the content of agency documents *in camera* to determine whether they fall under any of the FOIA exemptions. *See* 5 U.S.C. § 552(a)(4)(B).

## III.   DISCUSSION

### A.   Documents Referred to the Department of State

To begin, USCIS is entitled to summary judgment with respect to the four pages of records that it referred to the Department of State for FOIA processing. The Court denied USCIS's first motion for summary judgment on this issue because USCIS failed to explain why its inter-departmental referral would not impair plaintiff's ability to obtain information responsive to his FOIA request in a timely manner. *See McGehee v. CIA*, 697 F.2d 1095, 1110 (D.C. Cir. 1983) (holding that a referral system for processing FOIA requests constitutes a "withholding" under FOIA "if its net effect is significantly to impair the requester's ability to obtain the records or significantly to increase the amount of time he must wait to obtain them"). USCIS now submits a declaration by the Director of the Office of Information Programs and Services of the Department of State, who states that the Department of State has produced the four pages of records referred by USCIS to plaintiff

6

with minimal redactions.[24]  Plaintiff does not dispute that the Department of State has released the relevant information; nor does he contest the Department of State's justification for its withholdings.  Thus, USCIS has discharged its FOIA obligations with respect to all documents referred to the Department of State.

### B.    Records #21, #22, #334, and #572

USCIS is also entitled to summary judgment with respect to its processing of Records #21, #22, #334, and #572.  Beginning with Record #21, although USCIS initially withheld that document under FOIA exemption 5, the agency has since released it to plaintiff in full.[25]  Because USCIS has made Record #21 available to plaintiff, the agency has discharged its FOIA duties with respect to that document.  *Cf. N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 221 (1978) ("[U]nless the requested material falls within one of these nine statutory exemptions, FOIA requires that records and material in the possession of federal agencies be made available on demand to any member of the general public.").

As to Record #22, USCIS continues to withhold a portion of that document under FOIA exemption five, and it submits a revised *Vaughn* index explaining its decision.[26] Exemption five protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).  "To qualify, a document must thus satisfy two conditions: its source must be a Government agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against

---

[24] R. Doc. 21-3.

[25] R. Doc. 30-2 at 1.

[26] R. Doc. 21-1 at 25-26.

the agency that holds it." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001).  Exemption five encompasses the attorney-client privilege, the attorney work product privilege, and the deliberative process privilege.  *See Shermco Indus., Inc. v. Sec'y of the Air Force*, 613 F.2d 1314, 1318 (5th Cir. 1980).

USCIS contends that Record #22, which is an email chain involving agency employees, is protected from disclosure under the attorney-client privilege.  In the context of a FOIA request, "the agency is the 'client' and the agency's lawyers are the 'attorneys' for the purposes of attorney-client privilege." *Judicial Watch, Inc. v. U.S. Dep't of Treasury*, 796 F. Supp. 2d 13, 33 (D.D.C. 2011) (citing *In re Lindsey*, 148 F.3d 1100, 1105 (D.C. Cir. 1998)).  To invoke the privilege, the agency "must show that the withheld document (1) involves confidential communications between an attorney and [the agency] and (2) relates to a legal matter for which the [agency] has sought professional advice." *Id.* (quoting *Wilderness Soc'y v. U.S. Dep't of the Interior*, 344 F. Supp. 2d 1, 16 (D.D.C. 2004)).

The agency's revised supplemental *Vaughn* index carries this burden.  The relevant index entry explains that the redacted portions of Record #22 consist of discussions between USCIS counsel Sharma and non-attorney personnel concerning litigation against the agency.[27]  Importantly, the entry elaborates on this claim by providing the source and recipient of the communications, as well as a description of the matters discussed.  *See Ctr. For Medicare Advocacy, Inc. v. U.S. Dep't of Health & Human Servs.*, 577 F. Supp. 2d 221, 238 (D.D.C. 2008) (explaining that identification of the parties to a communication "is critical to the Court's assessment of whether the communication[ is] between an attorney

_____

[27] R. Doc. 21-1 at at 25-26.

8

and a client").   Specifically, the entry states that the redacted information contains "litigation related information discussed at an Agency meeting, . . . a brief distillation of the lawsuit, and [a] request for information needed for litigation from [USCIS counsel] Sharma to District Director Cindy N. Gomez, and other Agency personnel."[28]   With this newly-provided information, USCIS's *Vaughn* index no longer fails for lack of specificity.   USCIS's detailed index entry shows that the redacted portions of Record #22 involve confidential communications between USCIS and its counsel.   It also explains the connection between the those communications and a litigation matter.   Thus, USCIS has adequately explained its conclusion that the withheld portions of Record #22 fall within exemption five.

Turning to Record #334, USCIS has more fully explained its initial justification for withholding portions of this document in a revised *Vaughn* index entry.[29]   In addition, USCIS states that it has now released Record #334 to plaintiff in full.   Plaintiff does not dispute this assertion or contest USCIS's explanation for its initial withholding. Accordingly, USCIS has satisfied FOIA with respect to Record #334.

As to Record #572, USCIS initially described this as a duplicate of a different, unrelated document.   The agency has since acknowledged its error and provided a revised *Vaughn* index entry describing its justification for withholding portions of Record #572 under FOIA exemption 7(E).[30]   Exemption 7(E) permits an agency to withhold law enforcement records "to the extent the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement

---

[28] *Id.*

[29] R. Doc. 21-1 at 10.

[30] R. Doc. 30-1 at 26.

investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). This "exemption applies to civil and regulatory proceedings as well as to criminal matters." *Pope v. United States*, 599 F.2d 1383, 1386 (5th Cir. 1979).

Importantly, "[a]n agency is not required to establish with certainty how the release of the information would interfere with enforcement proceedings." *Benavides v. U.S. Marshals Serv.*, 990 F.2d 625 (5th Cir. 1993). Exemption 7(E) "looks not just for circumvention of the law, but for a risk of circumvention. . . ." *Blackwell v. F.B.I.*, 646 F.3d 37, 42 (D.C. Cir. 2011) (quoting *Mayer Brown LLP v. I.R.S.*, 562 F.3d 1190, 1193 (D.C. Cir. 2009)). This exemption therefore "sets a relatively low bar for the agency to justify withholding: 'Rather than requiring a highly specific burden of showing how the law will be circumvented, exemption 7(E) only requires that the [agency] demonstrate logically how the release of the requested information might create a risk of circumvention of the law.'" *Id.*

USCIS's submissions meet the agency's burden of explaining why Record #572 falls within exemption 7(E). USCIS's *Vaughn* index states that "[t]he information redacted from this document . . . reflects the manner in which law enforcement agencies return information on applicants for immigration benefits to USCIS."[31] It further states that "public knowledge of the types of information used by USCIS in conducting background checks would allow applicants for immigration benefits to circumvent the system in order

---

[31] R. Doc. 30-1 at 26.

to receive benefits they are not entitled to under" the Immigration and Nationality Act.[32] These submissions explain in reasonably specific detail how release of the withheld portions of Record #572 would risk circumvention of the nation's immigration laws. *See Benavides*, 990 F.2d at 625 (permitting withholding of Drug Enforcement Administration procedures for the use of "buy money" because an agency affidavit stated with "reasonably specific detail" that "the release of the information requested would compromise the integrity of the undercover techniques and assist drug violators in evading detection and apprehension"). Thus, USCIS has discharged its FOIA obligations with respect to Record #572.

### C.    Records #15, #16, #31, and #32

Unlike with the preceding issues, USCIS fails to demonstrate complete FOIA compliance with respect to Records #15, #16, #31, and #32. According to USCIS's *Vaughn* indexes, each document contains emails between various USCIS employees. USCIS withholds each email chain, in whole or in part, under FOIA exemption five, which encompasses the attorney-client privilege, the attorney work product privilege, and the deliberative process privilege. *Shermco Indus.*, 613 F.2d at 1318.

In its order denying USCIS's first motion for summary judgment, the Court rejected USCIS's conclusory justification for withholding Records #15, #16, #31, and #32 as insufficient to satisfy FOIA.[33] The Court explained that because the relevant *Vaughn* index entries did little more than parrot the statutory language of exemption five, they failed to justify USCIS's non-disclosure of the requested information. *See Senate of the Com. of Puerto Rico on Behalf of Judiciary Comm. v. U.S. Dep't of Justice*, 823 F.2d 574, 585 (D.C.

---

[32] *Id.*

[33] R. Doc. 20 at 27-31.

Cir. 1987) ("[C]onclusory assertions of privilege will not suffice to carry" the agency's burden."). The Court therefore ordered USCIS to produce a revised *Vaughn* index more fully explaining why the challenged records fall within one of the privileges encompassed by exemption five.[34]

Although USCIS submitted revised *Vaughn* indexes, the index entries for Records #15, #16 , #31, and #32 remain unchanged. Those entries are therefore identical to entries the Court deemed insufficient in ruling on USCIS's first motion for summary judgment.[35] USCIS did clarify elsewhere in its *Vaughn* index revisions that one of the individuals involved in the relevant email chains is a USCIS attorney.[36]  But "the attorney-client privilege does not extend to communications simply because they involve the government's counsel." *Elec. Privacy Info. Ctr. v. Dep't of Justice*, 584 F. Supp. 2d 65, 82 n. 24 (D.D.C. 2008) (citing *Judicial Watch, Inc. v. Dep't of Army*, 435 F. Supp. 2d 81, 89 (D.D.C. 2006)). Absent some additional explanation of what the challenged documents contain and why their contents were withheld, USCIS is not entitled to summary judgments with respect to any of the challenged documents. *See Safeway, Inc. v. I.R.S.*, No. C 05-3182 SBA, 2006 WL 3041079, at *9 (N.D. Cal. Oct. 24, 2006) ("[T]he IRS' declarations contain what appears to be boilerplate language, and no detail whatsoever about the nature of the supposedly privileged communications. Such declarations are insufficient to meet the agency's burden."). Thus, USCIS shall produce a new *Vaughn* index that provides a more detailed justification for the agency's withholding of Records #15, #16, #31, and #32.

---

[34] *Id.* at 37.

[35] *Compare* R. Doc. 18-3 at 5-6, 8-9 *with* R. Doc. 21-1 at 24-25, 26-27.

[36] R. Doc. 21-1 at 25-26.

### D.      Plaintiff's Contempt Motion

Having resolved USCIS's second motion for summary judgment, the Court turns to plaintiff's motion to hold USCIS in contempt of court.[37]  Plaintiff argues that USCIS should be "punished" because the agency has continuously argued a meritless claim in seeking to withhold Records #21 and #22 under FOIA exemption five.  According to plaintiff, USCIS's earlier arguments for applying exemption five to the email chains contained in those documents hinged on USCIS's false contention that two of its employees, Gomez and Peacock, are attorneys.  Thus, plaintiff asks the Court to hold USCIS in contempt for willfully misleading the Court and to enter an order providing that USCIS has litigated this case in bad faith.[38]

Courts have inherent power to enforce compliance with judicial orders through civil contempt.  *See Shillitani v. United States*, 384 U.S. 364, 370 (1966); *Cook v. Ochsner Found. Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977).  This power extends to FOIA cases.  *See Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 13 (1974) (explaining that courts have authority "to punish the responsible employee for contempt in the event of noncompliance" with a court order mandating production of records responsive to a FOIA request).  "A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence: (1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order."  *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000) (quoting *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992)).  The

---

[37] R. Doc. 27.

[38] R. Doc. 27-1 at 6.

violation need not be willful or in bad faith to warrant sanctions.  Instead, the contemnor need only have violated a court order after it was entered.  *Id.*; *see also N.L.R.B. v. Trailways, Inc.*, 729 F.2d 1013, 1017 (5th Cir. 1984) (finding in a civil contempt proceeding that "the only issue is the Company's actual compliance with this Court's orders; any absence of willfulness is irrelevant").

Civil contempt is unwarranted in this case because plaintiff has not established that USCIS is in violation of a judicial order.  In its December 2, 2015 ruling denying USCIS's first motion for summary judgment, the Court ordered USCIS to produce a revised *Vaughn* index that more fully explains its referral of four pages of records to the Department of State, as well as its justification for withholding eight additional pages under various FOIA exemptions.[39]  USCIS complied with that order, submitting two revised *Vaughn* indexes and a declaration by the Director of the Office of Information Programs and Services of the Department of State.  As explained above, USCIS's supplemental filings demonstrate that the agency has discharged its FOIA obligations with respect to most of the issues in this case.  That the newly-provided information fails to show that USCIS is entitled to summary judgment with respect to Records #15, #16, #31, and #32 does not mean the agency flouted a judicial decree.  It merely shows that unless USCIS provides additional explanation for its non-disclosure of those documents, it is not entitled to judgment as a matter of law.

Moreover, although plaintiff seeks an order declaring that USCIS has defended this lawsuit in bad faith, the record does not support his request.  Contrary to plaintiff's assertion, USCIS has never argued that Gomez and Peacock are attorneys.  True, USCIS's

---

[39] R. Doc. 20 at 37.

initial supplemental *Vaughn* index cited FOIA exemption five as the agency's basis for withholding two emails between Gomez and Peacock, Record #21 and the first half of Record #22. But exemption five encompasses three distinct privileges: the attorney-client privilege, the attorney work product privilege, and the deliberative process privilege. *Shermco Indus.*, 613 F.2d at 1318. Unlike the first two privileges, the deliberative process privilege does not require the presence or participation of an attorney. *See Vaughn v. Rosen*, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975) (explaining that the deliberative process privilege protects documents that are pre-decisional and part of the agency's deliberative process). Because USCIS specifically cited the deliberative process privilege in its initial *Vaughn* indexes, and because the agency produced the Gomez-Peacock emails after it withdrew its deliberative process privilege claim, the Court does not interpret USCIS's initial invocation of exemption five as an implicit claim that Gomez and Peacock are attorneys for USCIS. Thus, plaintiff fails to substantiate his allegations of bad faith, and the Court denies plaintiff's request for an order condemning USCIS's conduct in this litigation.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART USCIS's second motion for summary judgment and DENIES plaintiff's motion to hold USCIS in contempt of Court. USCIS is entitled to judgment as a matter of law with respect to: (1) its referral to the Department of State of four pages of agency records responsive to plaintiff's FOIA request, and (2) its processing of Records #21, #22, #334, and #572. But USCIS has failed to carry its burden of demonstrating full FOIA compliance with respect to its non-disclosure of Records #15, #16, #31, and #32.

IT IS ORDERED that within fourteen (14) days of the entry of this order, USCIS shall either disclose Records #15, #16, #31, and #32 to plaintiff in full or produce a new *Vaughn* index that remedies the deficiencies identified in Section III.C of this order.


New Orleans, Louisiana, this 26th day of July, 2016.


SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

16