UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL GAHAGAN                                     CIVIL ACTION

VERSUS                                                          NO. 15-2540

UNITED STATES CITIZENSHIP                    SECTION "R" (3)
AND IMMIGRATION SERVICES


## ORDER AND REASONS

Before the Court is Plaintiff Michael Gahagan's motion to strike the supplemental declaration of Brian J. Walsh for lack of personal knowledge. For the following reasons, the Court GRANTS plaintiff's motion.


## I.    BACKGROUND

This Freedom of Information Act (FOIA) case involves a dispute between plaintiff Michael Gahagan, an immigration attorney, and the United States Citizenship and Immigration Service (USCIS) regarding plaintiff's request for agency records concerning his client. The Court has previously ruled on cross-motions for summary judgment, and the facts of this case are set forth more fully in the Court's December 2, 2015 order.[1] As relevant here, the Court denied plaintiff's motion for summary judgment and granted in

---

[1]    *See* R. Doc. 20.

part and denied in part USCIS's first motion for summary judgment.[2]  The Court found that USCIS's motion demonstrated that the agency conducted an adequate search for responsive records but failed to show full FOIA compliance with respect to two issues: (1) USCIS's referral to the Department of State of four pages of agency records, and (2) USCIS's nondisclosure of eight additional pages of agency records identified in the agency's *Vaughn* index and supplemental *Vaughn* index as Records #572, #334, #21, #22, #15, #16, #31, and #32.[3]  The Court ordered USCIS to produce a new *Vaughn* index more fully explaining its decision to withhold portions of each of these eight documents.

On December 16, 2015, USCIS filed, among other things, a revised *Vaughn* index,[4] a revised supplemental *Vaughn* index,[5] and a declaration by John F. Hackett, the Director of the Office of Information Programs and Services of the Department of State.[6]  USCIS also filed a motion asking the Court to deem its supplemental filings sufficient to satisfy the Court's December 2, 2015 order,[7] and again sought summary judgment and an order

---

[2]   *Id.*
[3]   *Id.* at 36.
[4]   R. Doc. 21-1 at 1-22.
[5]   *Id.* at 23-27.
[6]   R. Doc. 21-3.
[7]   *See* R. Doc. 21 at 2.

declaring that it has discharged its FOIA obligations.[8]  On July 26, 2016, the Court granted in part and denied in part USCIS's second motion for summary judgment,[9] holding that while USCIS had met its burden with respect to Records #21, #22, #334, and #572,[10] it had not demonstrated complete FOIA compliance with respect to Records #15, #16, #31, and #32.[11] The Court additionally ordered USCIS to either disclose Records #15, #16, #31, and #32 to plaintiff or to produce a new *Vaughn* index that remedies the deficiencies identified in the Court's July 26 order.[12]

On August 9, USCIS submitted the revised *Vaughn* index accompanied by a declaration by Brian J. Welsh, the Deputy Chief of the FOIA Programs Branch of USCIS.[13]  On August 15, plaintiff filed this motion to strike, arguing that Welsh's declaration was not based on personal knowledge of the withheld information.[14]   USCIS filed a memorandum in opposition,[15] and plaintiff replied.[16]

---

[8]     R. Doc. 30 at 3.
[9]     R. Doc. 36.
[10]     *Id.* at 7.
[11]     *Id.* at 11.  The Court also denied plaintiff's motion to hold USCIS in contempt of Court.  *Id.* at 15.
[12]     *Id.* at 16.
[13]     R. Doc. 37; R. Doc. 37-1.
[14]     *See* R. Doc. 39.
[15]     R. Doc. 40.
[16]     R. Doc. 43.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 56(c)(4) requires declarations offered in support of, or in opposition to, summary judgment to be based on personal knowledge. Fed. R. Civ. P. 56(c)(4); *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 515 (5th Cir. 2012). While a declaration need not specifically state that it is based on personal knowledge, it must include enough factual support for a court to determine that its averments were based upon the personal knowledge of the declarant. Fed. R. Civ. P. 56(c)(4); *see also Thomas v. Atmos Energy Corp.*, 223 F. App'x. 369, 374 (5th Cir. 2007). When considering a motion for summary judgment, a court disregards any portion of a declaration that fails to comply with Rule 56(c)(4). *Akin v. Q–L Investments, Inc.*, 959 F.2d 521, 531 (5th Cir. 1992).

## III.   DISCUSSION

In response to this Court's July 26, 2016 order, USCIS submitted a revised *Vaughn* index and the declaration of Brian J. Welsh.[17] Welsh attests that the revised *Vaughn* index is "more detailed" than the previous one this Court rejected and that the revised justifications "better describe the

---

[17]   R. Doc. 37-1

redacted materials and the relationship to the privileges asserted."[18] Gahagan moves this Court to strike the entire declaration from the record because of Welsh's alleged lack of personal knowledge as to any of the withheld information referred to in the revised *Vaughn* index.  In opposition, USCIS argues that FOIA declarants may include statements in their declarations based on information they have obtained in the course of their official duties.

USCIS is correct that FOIA declarants may include statements in their declarations based on information they have obtained in the course of their duties. *See Barnard v. Dep't of Homeland Sec.*, 598 F. Supp. 2d 1, 18-19 (D.D.C. 2009).  Additionally, although the Fifth Circuit has not addressed the issue, this Court is persuaded by the decisions of a number of courts that have held that an agency's declarant need not have participated personally in the FOIA search to meet the personal knowledge requirement.  *See Dugan v. Dep't of Justice*, 82 F. Supp. 3d 485, 496 (D.D.C. 2015) (concluding that declarant was competent to testify despite having not participated directly in processing the FOIA request); *Serv. Women's Action Network v. Dep't of Def.*, 888 F. Supp. 2d 231, 251 (D.Conn. 2012) (concluding that an "attenuated supervisor" of the person who conducted actual FOIA search had

---

[18]     *Id.*

sufficient personal knowledge to give declaration).  Rather, a declarant in a FOIA case satisfies Rule 56(c)(4) if he attests to his personal knowledge of the procedures used in handling plaintiff's FOIA request and his familiarity with the documents in question.  *See, e.g., Spannaus v. U.S. Dep't of Justice*, 813 F.2d 1285, 1289 (4th Cir. 1987); *Barnard v. Dep't of Homeland Sec.*, 531 F.Supp.2d 131, 138 (D.D.C. 2008); *Berman v. C.I.A.*, 378 F. Supp. 2d 1209, 1216 n. 7 (E.D. Cal. 2005), aff'd, 501 F.3d 1136 (9th Cir. 2007).

These cases do not establish that a FOIA declarant does not need personal knowledge of or at least familiarity with the documents in question. In fact, all of the cases cited by USCIS in its response cite personal knowledge of the documents in question in support of finding the challenged declarations admissible. *See Barnard*, 598 F. Supp. 2d at 4-5, 19 (noting that the FOIA declarant reviewed the requested records himself and finding that "a declarant in a FOIA case satisfies the personal knowledge requirement in Rule 56(e) if in his declaration, [he] attests to his personal knowledge of the procedures used in handling [a FOIA] request and his *familiarity with the documents in question.*") (internal quotation omitted) (emphasis added); *Thompson v. Exec. Office for U.S. Attorneys*, 587 F. Supp. 2d 202, 207 n.4 (D.D.C. 2008) (quoting *Barnard* above); *Hornes v. Exec. Office for U.S. Attorneys*, No. 04-2190, 2007 WL 1322088, at *4 (D.D.C. May 4, 2007)

(rejecting challenge to FOIA declaration based on lack of personal knowledge in part because declarant reviewed the requested documents in question); *Schoenman v. FBI.*, 575 F. Supp. 2d 166, 172 (D.D.C. 2008) (rejecting motion to strike FOIA declaration because declarant attested to "personal knowledge of the documents at issue"); *Londrigan v. FBI.*, 670 F.2d 1164, 1174 (D.C. Cir. 1981) (rejecting motion to strike as to portion of FOIA declaration based on declarant's review of the documents in question); *Elliot v. Federal Bureau of Prisons*, No. 04-1702, 2006 WL 5217760, at *6 (D.D.C. Oct. 17, 2006) (rejecting motion to strike FOIA declaration because declarant personally reviewed the records in question).

Welsh's declaration attests to his position with USCIS, that he is a licensed attorney, that he was previously a judge advocate in the United States Air Force, and that as part of his duties as a military lawyer, he provided legal advice on the release of information under FOIA.[19] Presumably, this establishes that he is familiar with FOIA procedures. But none of his attestations create an inference that Welsh had personal knowledge or familiarity with the documents in question.  Accordingly, the Court finds that Welsh's declaration in support of USCIS's revised *Vaughn*

---

[19]      *Id.* at 1.

index is not based on his personal knowledge.  Therefore, the declaration is stricken from the record.


## IV.   CONCLUSION

Based on the foregoing reasons, it is ORDERED that Gahagan's motion to strike is GRANTED.  Defendant shall have 30 days from the date of this order to submit any supplemental affidavits consistent with this order.


New Orleans, Louisiana, this __12th__ day of December, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

8