UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL GAHAGAN | CIVIL ACTION |
| VERSUS | NO. 15-2540 |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES | SECTION "R" (3) |

## **ORDER AND REASONS**

Before the Court is the United States Citizenship and Immigration Service's ("USCIS") motion for summary judgment.[1] For the following reasons, the Court grants USCIS's motion.

## I. BACKGROUND

This Freedom of Information Act ("FOIA") case involves a dispute between plaintiff Michael Gahagan, an immigration attorney, and USCIS, regarding plaintiff's request for agency records concerning his client. The Court has previously ruled on cross-motions for summary judgment, and the facts of this case are set forth more fully in the Court's December 2, 2015 order and July 26, 2016 order.[2] As relevant here, on July 26, 2016, the Court granted in part and denied in part USCIS's second motion for summary

---

[1] R. Doc. 50.
[2] R. Doc. 20; R. Doc. 36.

judgment. The Court found that USCIS was entitled to judgment as a matter of law with respect to: (1) USCIS's referral to the Department of State of four pages of agency records responsive to plaintiff's FOIA request, and (2) USCIS's non-disclosure of four additional pages of agency records identified in the agency's *Vaughn* index and supplemental *Vaughn* index as Records #21, #22, #334, and #572. But USCIS failed to show full FOIA compliance with respect to its non-disclosure of Records #15, #16, #31, and #32.[3] The Court ordered USCIS either to fully disclose Records #15, #16, #31, and #32 to plaintiff or produce a new *Vaughn* index more fully explaining its decision to withhold portions of each of the four documents.[4]

On August 9, 2016, USCIS filed a revised *Vaughn* index and a declaration by Brian J. Welsh, the Deputy Chief of the FOIA Program Branch for USCIS within the Department of Homeland Security.[5] USCIS also filed a motion asking the Court to deem its supplemental filings sufficient to satisfy the Court's July 26, 2016 order.[6] USCIS's revised filings reviewed the agency's processing of plaintiff's FOIA request and more fully explained the relationship between the redacted materials and the privileges asserted.[7]

---

[3] R. Doc. 36 at 15.
[4] *Id.* at 16.
[5] R. Doc. 37-1.
[6] *See* R. Doc. 37 at 1.
[7] *Id.*

2

Specifically, USCIS stated that Records #15, #16, #31, and #32 are lawfully withheld under FOIA exemption five because they fall within the attorney-client privilege and the deliberative process privilege.[8]

Plaintiff challenged USCIS's supplemental filings, arguing that USCIS did not adequately conduct a segregability analysis of Records #15, #16, #31, and #32, and that USCIS made conclusory statements for the entries in the revised *Vaughn* index.[9] Additionally, plaintiff moved to strike Welsh's supplemental declaration for lack of personal knowledge.[10] On December 12, 2016, the Court granted plaintiff's motion to strike and ordered USCIS to submit a new supplemental declaration.[11]

On January 11, 2017, USCIS submitted a revised supplemental declaration.[12] On May 10, 2017, USCIS filed a third motion for summary judgment, arguing that it has discharged its FOIA obligations and is therefore entitled to summary judgment.[13] Plaintiff argues that summary judgment is improper because USCIS has still failed to meet its FOIA burden of proof concerning the redactions of Records #15, #16, #31, and #32.[14]

---

[8]  *Id.* at 4-9.
[9]  R. Doc. 38.
[10] R. Doc. 39.
[11] R. Doc. 44.
[12] R. Doc. 45-1.
[13] R. Doc. 50 at 1.
[14] R. Doc. 51-1 at 4.

## II. LEGAL STANDARD

Summary judgment is available to the defendant in a FOIA case when the agency proves that it has fully discharged its obligations under FOIA, and there is no genuine issue of material fact, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester. *See Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1350 (D.C. Cir. 1983). The agency may satisfy its burden of proof through the submission of affidavits that identify the documents at issue and explain why they fall under the claimed exemption. *Cooper Cameron Corp. v. U.S. Dep't of Labor, Occupational Safety & Health Admin.*, 280 F.3d 539, 543 (5th Cir. 2002). These affidavits must be clear, specific, and reasonably detailed while describing the withheld information in a factual and nonconclusory manner. *Id.* Further, the court will not grant summary judgment if there is contradictory evidence or evidence of agency bad faith. *See Gallant v. NLRB*, 26 F.3d 168, 171 (D.C. Cir. 1994) (quoting *Halperin v. CIA*, 629 F.2d 144, 148 (D.C. Cir. 1980)). If the agency meets all of these requirements, the court will normally accord the affidavits substantial weight. But a reviewing court may also inspect the content of agency documents *in camera* to determine whether they fall under any of the FOIA exemptions. See 5 U.S.C. § 552(a)(4)(B).

## III. DISCUSSION

### A. Records #15, #16, #31, and #32

USCIS continues to withhold Records #15, #16, #31, and #32 under FOIA exemption five, and it submits a revised *Vaughn* index explaining its decision.[15] Exemption five protects from disclosure "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). "To qualify, a document must thus satisfy two conditions: its source must be a Government agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). Exemption five encompasses the attorney-client privilege, the attorney work product privilege, and the deliberative process privilege. *See Shermco Indus., Inc. v. Sec'y of the Air Force*, 613 F.2d 1314, 1318 (5th Cir. 1980).

USCIS contends that Records #15, #16, #31, and #32, which are email chains between agency employees, are protected from disclosure under both the attorney-client privilege and the deliberative process privilege. The Court addresses the attorney-client privilege first.

---

[15] R. Doc. 45-1 at 4-9.

5

In the context of a FOIA request, "the agency is the 'client' and the agency's lawyers are the 'attorneys' for the purposes of attorney-client privilege." *Judicial Watch, Inc. v. U.S. Dep't of the Treasury*, 796 F. Supp. 2d 13, 33 (D.D.C. 2011) (citing *In re Lindsey*, 148 F.3d 1100, 1105 (D.C. Cir. 1998)). To invoke the privilege, the agency "must show that the withheld document (1) involves confidential communications between an attorney and [the agency] and (2) relates to a legal matter for which the [agency] has sought professional advice." *Id.* (quoting *Wilderness Soc'y v. U.S. Dep't of the Interior*, 344 F. Supp. 2d 1, 16 (D.D.C. 2004)).

The agency's revised *Vaughn* index carries this burden. The relevant index entries explain that the redacted portions of Records #15, #16, #31, and #32 consist of discussions between USCIS attorney Amisha Sharma and non-attorney personnel concerning the filing of a Mandamus action in federal court.[16] Importantly, the entries elaborate on this claim by providing the source and recipient of the communications, as well as a description of the matters discussed. *See Ctr. For Medicare Advocacy, Inc. v. U.S. Dep't of Health & Human Servs.*, 577 F. Supp. 2d 221, 238 (D.D.C. 2008) (explaining that identification of the parties to the communications "is critical to the Court's assessment of whether the communications are between an attorney

---

16 *Id.*

6

and a client"). Specifically, the entries state that the redacted information includes USCIS attorney's "brief notification of the filing of a Mandamus action in Federal court to field office personnel, and requesting initial Agency action to be taken necessary for consultation with the Assistant United States Attorney."[17] Additionally, the redacted records contain "information from Filed [sic] Counsel to field office personnel, and a brief summary of a discussion . . . on an immigration case as related to the Mandamus suit."[18] USCIS's detailed index entries show that the redacted portions of Records #15, #16, #31, and #32 involve confidential communications between USCIS and its counsel, and also explain the connection between those communications and a litigation matter. Thus, USCIS has adequately explained its conclusion that the withheld portions of Records #15, #16, #31, and #32 fall within exemption five, specifically under the attorney-client privilege.

Additionally, USCIS contends that Records #15, #16, #31, and #32 are protected from disclosure under the deliberative process privilege. The purpose of the deliberative process privilege is to enhance the quality of agency decisions by assuring individuals "who offer information and

---

[17] *Id.* at 6, 9.
[18] *Id.*

opinions to the Government that their communications will be kept in confidence." *Shermco*, 613 F.2d at 1318. For the privilege to apply, a document must be both "predecisional" and "deliberative." *Vaughn v. Rosen*, 523 F.2d 1136, 1144 (D.C. Cir. 1975). A document is "predecisional" if it was generated before the adoption of an agency policy. *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980); *see also Shermco*, 613 F.2d at 1319. It is "deliberative" if "it reflects the give-and-take of the consultative process." *Judicial Watch, Inc. v. Food & Drug Admin.*, 449 F.3d 141, 151 (D.C. Cir. 2006) (quoting *Coastal States*, 617 F.2d at 866). In other words, the document must be such that public disclosure "would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Dudman Commc'ns Corp. v. Dep't of the Air Force*, 815 F.2d 1565, 1568 (D.C. Cir. 1987). The burden is on the agency to "establish[] what deliberative process is involved, and the role played by the documents in issue in the course of that process." *Coastal States*, 617 F.2d at 868. Conclusory assertions that merely parrot the language of the exemption do not suffice. *Senate of the Commonwealth of Puerto Rico on Behalf of Judiciary Comm. v. U.S. Dep't of Justice*, 823 F.2d 574, 585 (D.C. Cir. 1987) (citing *Mead Data Cent., Inc. v. Dep't of the Air Force*, 566 F.2d

8

242, 258 (D.C. Cir. 1977) (noting that the government must show "by specific and detailed proof that disclosure would defeat, rather than further, the purposes of the FOIA")).

Through its amended *Vaughn* index, USCIS claims that the email chains contain information reflecting "USCIS staff internal deliberations relating to a lawsuit filed against the Agency."[19] It further explains that the redacted information is predecisional because it is "meant to foster discussion among agency personnel in order to begin discussions both with Agency counsel, and Agency personnel in defending the lawsuit."[20] USCIS asserts that "[t]he redaction[s] of [these] document[s] further[] the goal of fostering frank internal discussion on Agency matters," specifically "defending itself against the lawsuit," and that "concerns about the public dissemination of this material may temper candor with a concern for public appearance."[21] With this newly provided information, USCIS's *Vaughn* index no longer fails for lack of specificity. USCIS's detailed index entries show that the redacted portions of Records #15, #16, #31, and #32 involve initial discussions between USCIS counsel and agency personnel related to defending a lawsuit. The revised *Vaughn* index also explains the connection

---

[19] *Id.* at 5, 8.
[20] *Id.*
[21] *Id.*

9

between those communications and concerns for candid decisionmaking discussions regarding agency functions. Thus, in addition to the attorney-client privilege, USCIS has adequately explained that the withheld portions of Records #15, #16, #31, and #32 also fall under the deliberative process privilege.

### B. Segregability Analysis

Finally, FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b). Accordingly, once an agency identifies a document that it believes qualifies for a FOIA exemption, "it must undertake a segregability analysis, in which it separates the exempt from the non-exempt portions of the document, and produces the relevant non-exempt information." *Edmonds Inst. v. U.S. Dep't of the Interior*, 383 F. Supp. 2d 105, 108 (D.D.C. 2005) (citing *Vaughn*, 484 F.2d at 825). To prevail in a motion for summary judgment, the agency must demonstrate that it has satisfied its segregability analysis obligation, which it may do through its *Vaughn* index in conjunction with an agency declaration. *See e.g.*, *Peter S. Herrick's Customs & Int'l Trade Newsletter v. U.S. Customs & Border Protection*, No. 04-377, 2005 WL 3274073, at *3 (D.D.C. Sept. 22, 2005). Under Fifth Circuit law, "[i]t is error for a district court to simply

approve the withholding of an entire document without entering a finding on segregability, or the lack thereof." *Batton v. Evers*, 598 F.3d 169, 178 (5th Cir. 2010) (citing *Schiller v. NLRB*, 964 F.2d 1205, 1210 (D.C. Cir. 1992)).

Here, USCIS partially withheld portions of Records #15, #16, #31, and #32. Plaintiff argues that USCIS is withholding segregable nonexempt information and has not conducted an adequate segregability analysis as mandated by FOIA.[22] As stated above, the records are part of two email chains from an Immigration Services Officer to USCIS Counsel regarding a Mandamus lawsuit.[23] USCIS produced a declaration in connection with this litigation, explaining the agency's segregability analysis:

> In processing the [FOIA] request, the NRC reviewed all documents it has received for purposes of determining which documents were responsive to the request and those which were not responsive to the request. The NRC then reviewed each of the responsive documents it has received, and determined which information was or is exempt from disclosure pursuant to the FOIA exemptions set forth at 5 USC § 552(b). In making this determination, the NRC considered whether any information could be segregated and released.[24]

Because that statement is generalized, the declaration alone does not prove that USCIS's analysis was adequate. *See Perry-Torres v. U.S. Dep't of State*, 404 F. Supp. 2d 140, 145 (D.D.C. 2005) (rejecting the agency's "conclusory"

---

[22] R. Doc. 38-2 at 6.
[23] R. Doc. 45-1 at 4, 7.
[24] *Id.* at 2.

11

declaration that the agency performed segregation analysis and noted that "the explanation must include a specific finding for each document withheld"); *Animal Legal Def. Fund, Inc. v. Dep't of the Air Force*, 44 F. Supp. 2d 295, 302 (D.D.C. 1999) ("[T]he Defendant shall not offer one [segregability] finding for *all* documents.") (emphasis in original). Thus, the Court turns to the relevant *Vaughn* index entries to determine whether USCIS has provided facts to support its segregability determination.

Entries for Records #15, #16, #31, and #32 in the revised *Vaughn* index contain enough detail to support USCIS's decision to partially withhold the redacted email chains. The index entries invoke the deliberative process privilege, explaining that the email chains partially withheld are "interagency, predecisional, and deliberative document[s] inasmuch as [they] reflect[] USCIS staff internal deliberations relating to a lawsuit filed against the Agency."[25] In addition, the entries specifically describe the deliberations at issue as interagency communications meant to "begin discussions . . . in defending the lawsuit."[26] USCIS also explains that the redactions further "the goal of fostering frank internal discussion on Agency matters," which may be tempered by public dissemination and concern for

---

[25] *Id.* at 5, 8.
[26] *Id.*

public appearance.[27]  The Court finds that these detailed *Vaughn* index entries, combined with USCIS's declaration that a segregation analysis was conducted, demonstrate that the documents in question are not further segregable.  *See Peter S. Herrick's*, 2005 WL 3274073, at *3 (finding that the combination of a comprehensive *Vaughn* index and an affidavit confirming the agency segregability analysis satisfied the agency's obligation).  Thus, USCIS has lawfully withheld portions of Records #15, #16, #31, and #32 of the revised Vaughn index.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS USCIS's motion for summary judgment.

New Orleans, Louisiana, this __8th__ day of August, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[27]  *Id.*